T.C. Memo. 2009-105


UNITED STATES TAX COURT


RICHARD D. GREEN AND HAE K. HAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12955-07L.                Filed May 19, 2009.


Richard D. Green and Hae K. Han, pro sese.

<u>Andrew M. Stroot</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether to sustain the decision by respondent to proceed with collection relating to petitioners' 1999, 2000, and 2001 tax liabilities.

FINDINGS OF FACT

In December 2003, petitioners untimely filed their 1998, 1999, 2000, and 2001 joint Federal income tax returns and reported, among other items, the following information:

| Year | Estimated Tax Payments | Tax Withheld | Overpayment/ (Balance Due)[1] |
|------|-----------------------|--------------|-------------------------------|
| 1998 | [2]$46,643            | $34,000      | $67,073                       |
| 1999 | 67,073                | 33,979       | 8,742                         |
| 2000 | 8,742                 | 40,495       | (55,881)                      |
| 2001 | --                    | 62,118       | (12,265)                      |

[1] Checks in the amounts of the balances due accompanied the 2000 and 2001 returns.
[2] This amount includes a $25,000 tax payment petitioners made by check on Oct. 19, 1999.

Petitioners' 1998 return, for which petitioners received a 6-month extension, was filed December 15, 2003. Respondent treated petitioners' reporting of the $67,073 overpayment (1998 overpayment) as a refund claim (1998 refund claim), and on April 20, 2004, respondent's Philadelphia Service Center issued Letter 105C, Claim Disallowance Letter. In the letter, respondent denied the refund claim because the 1998 return was not filed within 3 years of the return's due date.

On February 24, 2006, respondent's Wheaton, Maryland, office issued Letter 1058A, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to petitioners' 1999, 2000, and 2001 unpaid tax liabilities. Petitioners sent a letter dated

February 25, 2006, to respondent's Philadelphia Service Center requesting reconsideration of their 1998 refund claim.

In a letter dated March 8, 2006, to respondent's Wheaton, Maryland, office, petitioners requested "abatement of penalties" relating to 1999 through 2001. On March 14, 2006, petitioners sent respondent's Wheaton, Maryland, office an addendum to petitioners' February 25 letter. In the addendum, Ms. Han stated that from 2000 to 2002 she was, pursuant to section 6511(h),[1] financially disabled and involved in a discrimination and wrongful termination lawsuit. She also stated that she had not authorized anyone to conduct her financial affairs.

On March 15, 2006, respondent received petitioners' Form 12153, Request for a Collection Due Process Hearing, in which petitioners disputed the proposed levy and requested a hearing relating to 1998, 1999, 2000, and 2001. Petitioners, on April 5, 2006, faxed respondent a letter dated March 23, 2006, from Lawrence J. Carroll, a clinical psychologist. In the letter, Mr. Carroll stated that from 2000 to 2002 "Ms. Han suffered an episode of Major Depressive Disorder" that "prevented Ms. Han from managing her financial affairs."

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

On August 2, 2006, Settlement Officer William DeBeau held a face-to-face hearing with petitioners during which petitioners disputed the disallowance of the 1998 refund claim.  Petitioners stated that they intended to apply the $25,000 tax payment (i.e., which was reported on petitioners' 1998 return as part of the 1998 estimated tax payments) to their 1999 tax liability.  Petitioners also renewed their assertion of Ms. Han's financial disability and request for reconsideration of the 1998 refund claim.

Respondent, on December 14, 2006, applied the $25,000 tax payment to petitioners' 1999 tax liability and, on January 12, 2007, issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (initial determination), sustaining the collection activity relating to 1999, 2000, and 2001.  The initial determination stated that the 1998 overpayment had been forfeited because petitioners "did not claim the refund within the three year time frame to do so."

In a letter dated January 17, 2007, petitioners requested a new notice of determination because the initial determination did not address the financial disability claim.  Pursuant to petitioners' request, respondent, on January 30, 2007, held another face-to-face hearing solely to discuss the financial disability issue.  At the hearing, respondent gave petitioners a

letter rescinding the initial determination and granting petitioners' request for a new determination.

On May 9, 2007, respondent issued a second notice of determination (final determination) denying petitioners' appeal relating to the proposed levy and rejecting Ms. Han's claim of financial disability. Respondent cited Ms. Han's active participation in her lawsuit as evidence of her ability to handle her financial affairs and stated that Richard D. Green, her husband, could have prevented loss of the 1998 overpayment by timely filing their return. On June 7, 2007, petitioners, while residing in Maryland, filed a petition with this Court seeking review of the final determination.

OPINION

Petitioners contend that, in determining whether to sustain the levy notice, respondent erred in refusing to accept the 1998 overpayment as a collection alternative. Respondent contends that this Court does not have jurisdiction to review respondent's denial of petitioners' 1998 refund claim.

Pursuant to section 6330(d)(1), our jurisdiction is defined by the scope of respondent's determination. See Freije v. Commissioner, 125 T.C. 14, 25 (2005). Respondent rescinded the initial determination because of its failure to address the refund claim, the January 30 hearing was scheduled to discuss

that claim, and petitioners' request for a new determination was granted to allow respondent to address the claim. In short, the 1998 refund claim is an integral part of the final determination and thus the proper, and a permissible, subject of our review.[2]

We further conclude that petitioners are not entitled to a refund of the 1998 overpayment as a collection alternative. A claim for refund of an overpayment is required to be filed within 3 years of the time the relevant return was filed. Sec. 6511(a). Petitioners filed their 1998 return and refund claim simultaneously. Thus, petitioners' 1998 refund claim was timely. If a refund claim is filed within the 3-year period, the refund is limited to the amount of tax paid within the 3-year period, plus the period of any extension of time for filing the return, immediately preceding the claim. Sec. 6511(b)(2)(A). Because petitioners' 1998 return was filed December 15, 2003, and petitioners received a 6-month extension of time to file, petitioners are entitled to a maximum refund of the amount of tax paid between June 15, 2000, and December 15, 2003. During this

---

[2] If the underlying tax liability is at issue, we review the Commissioner's administrative determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). If, however, the underlying tax liability is not at issue, we review the Commissioner's administrative determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). We need not decide which standard of review is applicable because respondent prevails under either standard.

period, petitioners did not make any tax payments relating to 1998. Thus, petitioners are not entitled to a refund.

Petitioners contend that, pursuant to the financial disability exception of section 6511(h), the period of limitation was suspended from 2000 through 2002. The running of the period of limitation may, indeed, be suspended while the taxpayer is financially disabled. Sec. 6511(h)(1). An individual will not, however, be considered financially disabled unless proof of a medically determinable physical or mental impairment is provided in such form and manner as the Commissioner may require. Sec. 6511(h)(2)(A). More specifically, the Commissioner requires a written statement from a physician.[3] Rev. Proc. 99-21, sec. 4, 1999-1 C.B. 960. Ms. Han, however, did not establish that she was financially disabled. In addition, she was treated by a clinical psychologist, not a physician, and thus could not and did not provide the requisite documentation. Accordingly, respondent may proceed with the proposed collection action.

Contentions we have not addressed are irrelevant, moot, or meritless.

---

[3] For purposes of the financial disability exception of sec. 6511(h), only chiropractors and doctors of medicine, osteopathy, dental medicine, podiatric medicine, and optometry are considered physicians. See 42 U.S.C. sec. 1395x(r) (1998).

To reflect the foregoing,

Decision will be entered

for respondent.